IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHURCH MUTUAL INSURANCE COMPANY, S.I.,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:25-00564

ELMWOOD BAPTIST CHURCH,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Elmwood Baptist Church's Motion to Dismiss or Stay (ECF 8). For the reasons stated below, the Court **GRANTS** the Motion and dismisses this action.

I.      BACKGROUND

Defendant purchased property insurance from Plaintiff Church Mutual Insurance Co. ECF 1, Compl. § 4. After the roof of Defendant's property collapsed, the parties disputed the amount Plaintiff owed to Defendant under the insurance policy. *See id.* §§ 6, 10, 16, 20.

Plaintiff then filed the present action, asking for a declaration that Defendant's policy "is void ab initio," or, alternatively, that plaintiff "has fully compensated Elmwood for the loss under the policy and it is released from all further contractual duties." *Id.* §§ 33–34.

After Plaintiff filed this lawsuit, Defendant filed its own action against Plaintiff in West Virginia state court. *See* ECF 9 at 1; ECF 10 at 1. The state lawsuit seeks to resolve the same legal questions as Plaintiff's declaratory-judgment action and seeks damages for "breach of contract, bad faith, and violations of West Virginia's Unfair Trade Practices Act . . . ." ECF 9 at 1–2.

Defendant filed a Motion to Dismiss or Stay, asking the Court to abstain from deciding

Plaintiff's action, or, alternatively, stay the action pending resolution of the state suit. *See* ECF 9 at 1–2.

II.     LEGAL STANDARD

The Declaratory Judgment Act authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). A district court has discretion "to determine whether it will decide a declaratory judgment action over which it has jurisdiction." *Building Graphics, Inc. v. Lawson*, Civ. A. No. 3:22-0098, 2022 WL 2292284, at *1 (S.D. W. Va. June 24, 2022).

"[A] district court should decide a declaratory judgment action if a judgment will (1) 'serve a useful purpose in clarifying and settling the legal relations in issue' and (2) 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding,'" ("*Quarles* factors"). *Id.* (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). A court should not issue a declaratory judgment, however, "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Quarles*, 92 F.2d at 325.

Where a parallel state-court proceeding has been initiated, a district court should also consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems because of overlapping issues of fact or law; and (4) whether the declaratory judgment action is being used merely as a device for procedural fencing.

("*Nautilus* factors"). *Motorists Mut. Ins. Co. v. Frazier*, 623 F. Supp. 2d 727, 731 (S.D. W. Va. 2009) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

III.	ANALYSIS

Plaintiff does not argue that the *Quarles* and *Nautilus* factors counsel against dismissal. Instead, Plaintiff asserts that the Court should deny Defendant's Motion because (1) Plaintiff's action was filed before Defendant's, (2) Plaintiff will remove Defendant's action to federal court, and (3) dismissal would reward Defendant's procedural fencing. *See* ECF 10 at 1–2, 6. The Court addresses each argument in turn.

*First,* Plaintiff argues that the Court should hear its declaratory judgment action because of the "first-filed" rule, which provides that, when two parallel suits are filed, "the first suit should have priority, absent the showing of balance of convenience in favor of the second action." *Volvo Const. Equip. N. Am. v. CLM Equip. Co.*, 386 F.3d 581, 594–95 (4th Cir. 2004) (quoting *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178 180 n.2 (4th Cir. 1974)); *see* ECF 10 at 2.

The Fourth Circuit, however, has held that "the race to the courthouse is not dispositive" when deciding whether to hear a declaratory-judgment action. *Founders, Inc. v. Rehab Indus., Inc.*, Civ. A. No. 3:12-0644, 2012 WL 5452209, at *3 n.2 (S.D. W. Va. Nov. 7, 2012) (citing *Centennial Life Ins. Co. v. Poston*, 88 F.2d 255, 258 (4th Cir. 1996)). In *Poston*, the Fourth Circuit upheld a district court's abstention in a declaratory-judgment action even though the federal action was filed before the parallel state-court action. *See* 88 F.2d at 258 ("[W]e decline to place undue significance on the race to the courthouse door . . . ."). The court found that dismissal was warranted because the "state litigation . . . could resolve all issues, whereas "a declaratory judgment would settle [only] part of the controversy. . . ." *Id.*; *see also Founders*, 2012 WL 5452209, at *2–3 (similar).

*Poston* is consistent with the first-filed rule. Where a later-filed state suit will resolve "all competing claims[,] . . . the 'balance of convenience' certainly tips in favor of the second, state-court action." *First Mercury Ins. Co. v. Earleigh Heights Volunteer Fire Co. of Anne Arundel*

*Cnty.*, Civ. A. No. 15-3156, 2014 WL 7336667, at *8–9 (D. Md. Dec. 19, 2014).

Here, as in *Poston*, the defendant's state suit will resolve "the entire controversy" between the parties, while the declaratory-judgment action would settle a narrower set of issues. Accordingly, the balance of convenience tips in favor of Defendant's action, and the first-filed rule does not preclude dismissal.

*Second,* Plaintiff argues that "abstention is inappropriate" since Plaintiff will remove Defendant's suit to federal court. ECF 10 at 7. As Plaintiff correctly notes, courts have declined to apply the abstention doctrine where the parallel state suit had already been removed to federal court. *See id.* (collecting cases). Plaintiff, however, has not yet removed Defendant's state action. Since the case's removal is hypothetical at this point, the Court will not consider it in ruling on Defendant's Motion.

*Third,* Plaintiff asserts that Defendant has engaged in forum shopping. *See id.* at 8. The Court might agree, if Plaintiff's action encompassed all the issues in Defendant's suit. Defendant's action, however, raises claims that would not be addressed in this case if it moved forward. Defendant is entitled to pursue those claims in the forum of its choice. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Tex.*, 571 U.S. 49, 63 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations) . . . .").

Since Defendant has demonstrated that the *Nautilus* factors favor dismissal, *see* ECF 9 at 11–13, and the Court finds none of Plaintiff's arguments persuasive, the Court will grant Defendant's Motion.

    IV.    CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss or Stay (ECF 8). The Court

**DISMISSES** this action **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:　　December 16, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE